# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHAUNCEY BOARDEN,<br><br>        Petitioner,<br><br>v.<br><br>LOUIS WILLIAMS,<br><br>        Respondent. | Case No. 17-CV-875-JPS<br>Criminal Case No. 14-CR-61-3-JPS<br><br>**ORDER** |

    On June 23, 2017, Chauncey Boarden ("Boarden"), a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the career-offender enhancement he was assessed under the U.S. Sentencing Guidelines. (Docket #1). The Court must screen Boarden's motion under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to promptly examine the motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief."[1]

    On July 25, 2014, Boarden pled guilty to a one-count information charging him with conspiracy to distribute heroin, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 2. On December 5, 2014, he was sentenced to 111 months of incarceration. In determining the range of imprisonment suggested by the U.S. Sentencing Guidelines, the Court

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, including the rule permitting screening of the petition.

found that Boarden was a "career offender" pursuant to U.S.S.G. § 4B1.1(b).

The Guidelines provide that those who qualify as career offenders must be assessed certain offense level and criminal history category increases. *Id.* A defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *Id.* § 4B1.1(a). In the instant petition, Boarden claims that in light of the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and several decisions of state and district courts, the predicate offenses relied upon to impose his career-offender enhancement no longer qualify as such. Consequently, he believes he is entitled to resentencing without the enhancement.

One initial problem arising from the nature of his petition can be quickly disposed of. Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). However, a federal prisoner may petition under Section 2241 if his Section 2255 remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), established three conditions for this exception to apply. *Id.* at 610–12. First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Rios*, 696 F.3d at 640. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in a timely

Section 2255 motion. *Id.* "The third condition is that [the] sentence enhancement...have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.*; *see also Davenport*, 147 F.3d at 611 (a prisoner must show "a fundamental defect in his conviction or sentence").

Some courts have held that Section 2241 petitions raising *Mathis* concerns are proper. *See, e.g., Homes v. True*, Case No. 17-cv-0628-DRH, 2017 WL 3085803, at *2 (S.D. Ill. July 20, 2017). Here, the Court will assume without deciding that Boarden has properly invoked Section 2241 as the vehicle for his claims. Because the claims are ultimately without merit, this is the most expedient way to move toward resolution of this matter.

The Court now turns to an evaluation of Boarden's claims. Boarden's petition attacks both of the predicate offenses cited in his revised presentence report as supporting the application of the career-offender Guideline enhancement. The first cited predicate conviction is for manufacture, distribution or delivery of cocaine, in violation of Wis. Stat. § 961.41(1)(cm)1r. The second is a conviction for robbery with threat of force, in violation of Wis. Stat. § 943.32(1)(b). His arguments as to each are distinct, so the Court will address them in turn.

His first claim, which attacks his narcotics conviction, relies on the *Mathis* decision. In *Mathis*, the Supreme Court dealt with the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which, like the Guidelines career-offender provision that was applied to Boarden, calls for enhanced punishment when a defendant has previously been convicted of certain types and numbers of offenses. Determining whether the defendant's prior convictions constitute proper predicates requires application of either a "categorical" approach, in which the sentencing

court compares the category of enhancing offenses with the statutory elements of the prior offenses, or—with respect to statutes having multiple alternative elements—requires a "'modified categorical approach,'" in which the "sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2248–49 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)); *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

It is important to appreciate the limitations on the categorical approach. If the statutory definition of the purported predicate offense is the same as (or narrower than) the Guidelines definition—that is, a generic version of the crime in question—the offense can be counted. *United States v. Edwards*, 836 F.3d 831, 835 (7th Cir. 2016). But if the statute defines the offense more broadly than the Guidelines, the prior conviction does not count, "even if the defendant's actual conduct (i.e., the facts of the crime)" would fit within the Guidelines definition. *Mathis*, 136 S. Ct. at 2248.

The *Mathis* Court confronted the question of whether the lower courts' use of the modified categorical approach was appropriate when the defendant had previously been convicted not under a statute that had multiple, alternative elements but rather under one that "list[ed] multiple, alternative means of satisfying one (or more) of its elements." *Mathis*, 136 S. Ct. at 2248. It answered that question in the negative. *Id.* at 2253. Specifically, because the crime at issue (there, burglary) could be committed under the statute by different means than generic, common-law burglary, the lower court was not permitted to deploy the modified

categorical approach. *Id.* In other words, the court could not save the burglary conviction by looking to charging papers and considering whether the defendant actually burglarized a building or dwelling, since the statute was nondivisible and categorically not a violent felony under the ACCA. *See id.* at 2248–49, 2257–58.

Boarden expends considerable effort arguing that his drug offense can no longer be considered a predicate after *Mathis* because Wisconsin includes the possibility of conviction based on delivery of cocaine, which is broader than the Guidelines definition of "controlled substance offense." As used in the career-offender Guideline, that term means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Thus, Boarden is right that the Guideline on its face does not use the word "delivery."

Moreover, Boarden contends, Wisconsin defines "delivery" as "the actual, constructive or attempted transfer from one person to another of a controlled substance or controlled substance analog, whether or not there is any agency relationship." Wis. Stat. § 961.01(6); *State v. Pinkard*, 706 N.W.2d 157, 595 (Wis. Ct. App. 2005). According to him, because there are many alternative means of "delivery" under Wisconsin law, including mere attempted delivery, this underscores the notion that the Wisconsin offense is broader than the definition of a controlled substance offense in the Guidelines. *See Hinkle v. United States*, 832 F.3d 569, 576 (5th Cir. 2016).

Thus, his argument goes, his drug conviction categorically cannot count as a predicate for the career-offender enhancement. *Mathis*, 136 S. Ct. at 2253.

The Court need not address this first claim, however, to dispose of Boarden's petition, as the record shows that he has two other valid, qualifying predicate convictions. *See McCoy v. United States*, Case No. 16-cv-0631-MJR, 2017 WL 1233894, at *5 (S.D. Ill. Apr. 4, 2017) (finding that with two valid qualifying predicate convictions, the court need not consider the petitioner's challenge to any other potential predicates). Both of these other convictions qualify under the Guidelines' definition of "crime of violence." At the time he was sentenced, that term was defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. § 4B1.2(a) (emphasis added). The italicized portion of this definition is known as the "residual" clause.

First, Boarden's petition overlooks the fact that, in addition to his narcotics and robbery convictions, he has another potential qualifying predicate offense identified in his revised presentence report: vehicular flight, in violation of Wis. Stat. § 346.04(3). This Court recently explained in great depth how the crime of vehicular flight in Wisconsin constitutes a crime of violence under the residual clause of the career-offender Guideline, and is therefore an appropriate predicate for that enhancement. *Everett v. United States*, Case No. 17–CV–523–JPS, 2017 WL 2116282, at *2–6 (E.D. Wis. May 15, 2017). The Court will not repeat that lengthy explanation here. It suffices to note that pursuant to the Supreme Court's

dictates in *Sykes v. United States*, 564 U.S. 1, 9–11 (2011), any form of vehicular flight in Wisconsin must be viewed as involving a serious potential risk of physical injury to another. This brings it within the Guidelines' residual clause. *Everett*, 2017 WL 2116282, at *5–6. Although the Probation Office did not expressly list Boarden's vehicular flight offense as a predicate for the career-offender enhancement, this does not mean that it cannot be so characterized.

Second, the Court is not convinced by Boarden's second claim in his petition—that his robbery conviction does not count as a crime of violence under the Guidelines. Boarden's robbery conviction stems from Wis. Stat. § 943.32(1), which provides that

> Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class E felony:
>
> (a) By using force against the person of the owner with intent thereby to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property; or
>
> (b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

Wis. Stat. § 943.32(1). Boarden was convicted under subsection (b) of this section, meaning that he merely threatened the imminent use of force against his victim.[2]

---

[2] Boarden does not challenge this statute on divisibility grounds under *Mathis, see* (Docket #1 at 9–11), so the Court will not consider such an argument.

The Seventh Circuit has held that, under this statute, robbery qualifies as a crime of violence under the "elements" clause—the first clause—of U.S.S.G. § 4B1.2(a), since it has as an element the use, attempted use, or threatened use of physical force against another. *See United States v. Otero*, 495 F.3d 393, 401 (7th Cir. 2007); *United States v. Beason*, 493 F. App'x 747, 749 (7th Cir. 2012). Indeed, in the notes accompanying the Guidelines, robbery is listed as a qualifying crime of violence. U.S.S.G. § 4B1.2, Application Note 1. Thus, it appears unmistakable that robbery in Wisconsin constitutes a crime of violence for Guidelines purposes. *See Branch v. United States*, 203 F. Supp. 3d 992, 996 (W.D. Wis. 2016).

One member of this Court has reasoned to the contrary in a case arising under the ACCA, *see Robinson v. United States*, 188 F. Supp. 3d 857, 865 (E.D. Wis. 2016), finding that robbery under Wis. Stat. § 943.32(1) has been interpreted by Wisconsin courts so as to not necessarily require force or the threat of force. Boarden cites these same Wisconsin cases and appears to rely on the same reasoning, arguing that his conviction is not for a crime of violence because it can be committed by nonviolent means. *See* (Docket #1 at 9–10) (citing *Walton v. State*, 218 N.W.2d 309 (Wis. 1974); *Whitaker v. State*, 265 N.W.2d 575 (Wis. 1978)). But *Robinson* was an ACCA case, not a Guidelines case, and, in any event, this Court is bound to follow the guidance of the Court of Appeals when directly on point, as *Otero* and *Beason* are here. Thus, *Robinson* does not control the outcome in this case.

Moreover, even if Boarden's robbery did not satisfy the elements clause, it undoubtedly would qualify as a crime of violence under the residual clause. Boarden's conviction required a showing that he

threatened the imminent use of force against another person, which is indisputably "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2); *see also Sykes*, 564 U.S. at 12 (holding that crimes qualifying under the residual clause must be sufficiently "purposeful, violent, and aggressive"). This is true whether or not Boarden actually employed any force. *See United States v. Wallace*, 326 F.3d 881, 886 (7th Cir. 2003) (courts must assess risk of injury based on "the crime's statutory elements, without considering the underlying facts of the conviction").

Indeed, Boarden's argument that he could have committed the crime in non-violent ways has no relevance here, since "'in determining whether an offense falls under the [residual] clause, the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario.'" *United States v. Fife*, 81 F.3d 62, 64 (7th Cir. 1996) (quoting *United States v. Davis*, 16 F.3d 212, 217 (7th Cir. 1994)). Using the other offenses enumerated in the Guideline as points of comparison—burglary, arson, extortion, and crimes involving the use of explosives—it is plain that robbery with the threat of force is, in the ordinary case, at least as dangerous as any other qualifying crime of violence. *See United States v. Miller*, 721 F.3d 435, 439 (7th Cir. 2013). Thus, the Court finds that Boarden's robbery conviction qualifies as a crime of violence and is therefore a valid predicate for the imposition of the career-offender Guideline enhancement.[3]

---

[3]Boarden's case is further distinguishable from *Robinson* on this ground, as the ACCA's residual clause has been invalidated, *Johnson v. United States*, 135 S. Ct. 2551 (2015), but the identical provision in the Guidelines has not, *Beckles v. United States*, 137 S. Ct. 886 (2017). *See Stewart v. United States*, 191 F. Supp. 3d 923, 925 (E.D. Wis. 2016).

Consequently, Boarden has at least two qualifying predicate convictions, and his career-offender Guideline enhancement was appropriately imposed. His petition is therefore without merit and must be dismissed. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Boarden must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). In light of the well-settled principles governing the disposition of Boarden's claim, as outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

Finally, the Court closes with some information about the actions that Boarden may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask

this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge